In the Matter of the Claim of DAVID HENDLER, Respondent, against CAYTON BAKERY, INC., and BAKERS MUTUAL INSURANCE COMPANY OF NEW YORK, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Cross-appeals by claimant and employer and carrier from a decision of the Industrial Board which determined that the employee was entitled to compensation under article 4-A of the Workmen's Compensation Law. Decision affirmed, with costs to the State Industrial Board. Hill, P. J., Crapser and Bliss, JJ., concur; Heffernan and Foster, JJ., dissent; Foster, J., in a memorandum in which Heffernan, J., concurs. Foster, J.: Claimant was employed as a baker. His disability was caused by baker's asthma, or bronchitis, which he acquired in the course of his employment from the inhalation of flour dust. An award has been made to him for certain periods of total disability under article 4-A of the Workmen's Compensation Law on the theory that his disability was caused by a dust disease within the meaning of this article. The Board evidently failed to consider medical evidence which indicates that the disease from which plaintiff suffered is not only characteristic of his occupation but is not caused solely by the fact that the particles of flour which he inhaled were of a dust-like character. Such particles are not insoluble in the body, or akin to that type of dust which merely acts mechanically as an abrasive irritant and causes silicosis and kindred diseases. To the contrary, the proof indicates that flour dust when inhaled breaks down into a fermentation process causing the formation of lactic acid which produces a chemical irritation in the lungs. The resultant disease is thus something more than a dust disease as such term is used in article 4-A. It falls rather in the classification of an occupational disease as provided for in paragraph 28 of subdivision 2 of section 3 of the act. The award should be reversed and the matter remitted to the State Industrial Board for further consideration.

## FOURTH DEPARTMENT, NOVEMBER, 1941.
### (November 7, 1941.)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES PASSERO, Appellant.— Judgment of conviction affirmed. All concur. (The judgment convicts defendant on sixty-eight counts of an indictment charging him with criminally receiving and holding stolen property.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.

GRACE SHERWOOD, Respondent, v. HOME SAVINGS BANK OF THE CITY OF ALBANY, Appellant.— Judgment and order reversed on the law and facts, with costs, and complaint dismissed, with costs, on the ground that the findings of negligence on the part of the defendant and freedom from contributory negligence on the part of the plaintiff are contrary to and against the weight of the evidence. All concur. (The judgment is for plaintiff in a negligence action. The order denies a motion for a new trial.) Present — Crosby, P. J., Cunningham, Taylor, Harris and McCurn, JJ.